IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRAY FINANCIAL GROUP, INC., LAURENCE O. GRAY, and ROBERT C. HUBBARD, IV, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action File ) No. 1:15-cv-0492-LMM ) |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
TO STAY PRELIMINARY INJUNCTION PENDING APPEAL**

Terry R. Weiss
Michael J. King
Greenberg Traurig, LLP
3333 Piedmont Road, NE
Terminus 200, Suite 2500
Atlanta, Georgia 30305
Telephone:  (678) 553-2603
Facsimile:  (678) 553-2604

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................1

ARGUMENT ........................................................................................3

    A.    This Court and the Eleventh Circuit in *Hill* Previously Denied the Same Motion to Stay this Court's Preliminary Injunction..............3

    B.    The SEC Has Not Met and Cannot Meet its Heavy Burden for the Extraordinary Remedy of Staying the Preliminary Injunction Pending Appeal....................................................5

    C.    The SEC Cannot Make a Strong Showing That It Will Win on Appeal Because This Court Correctly Issued the Preliminary Injunction...............................................................6

        1.    Subject Matter Jurisdiction is Proper ...........................6

            a.    The Exchange Act Displays No Intent to Limit District Court Jurisdiction ...............................7

            b.    Plaintiffs' Constitutional Challenges Are Not The Type of Claims That Congress Intended to be Reviewed Within the Agency Review Process ..............11

        2.    The District Court Correctly Found that Plaintiffs Established a Likelihood of Success on Their Appointments Clause Challenge.................................14

        3.    This Court Correctly Found That Plaintiffs Will Be Irreparably Harmed Absent the Issuance of An Injunction. ...................................................17

    D.    The SEC Cannot Show That It or the Public Is Likely to Be Irreparably Harmed Absent a Stay of Injunction. ...............19

    E.    A Stay of Injunction Will Injure Other Interested Parties. .................22

    F.    The Public Interest Does Not Support Granting a Stay of the Injunction..........................................................23

G.    Finally, Granting a Stay Here Would Render Plaintiffs' Claim
      for Injunctive Relief, and the SEC's Appeal, Moot. ...........................24

CONCLUSION .......................................................................................25

Plaintiffs Gray Financial Group, Inc., Laurence O. Gray, and Robert C. Hubbard, IV respectfully submit this Opposition to Defendant's Motion to Stay Preliminary Injunction Pending Appeal (the "Motion").

## PRELIMINARY STATEMENT

The SEC seeks the same relief that both this Court and the Eleventh Circuit Court of Appeals already denied in the related *Hill* case and which, if granted, would require Plaintiffs' participation in a proceeding this Court has already found likely to be unconstitutional.  The extraordinary remedy in question – a stay of the preliminary injunction issued by this Court on August 4, 2015 ("*Gray* Order") – is seldom granted.  The SEC has offered no compelling reason why this Court should reconsider its preliminary injunction, or why this rarely-issued relief is warranted here.

*First*, the SEC unsuccessfully sought the same relief through a nearly identical motion in *Hill*, which both this Court and the Eleventh Circuit considered and soundly rejected.  In recent weeks, United States District Court Judge Berman, Southern District of New York, analyzed this Court's reasoning and analysis in granting the preliminary injunctions herein and in *Hill*, and found that reasoning to be "persuasive."   Judge Berman also issued a preliminary injunction for the same reasons.  *Duka v. U.S. S.E.C.*, 15 Civ. 357 (RMB)(SN) (S.D.N.Y. Aug. 12, 2015) (Exhibit C).

*Second*, this Court's preliminary injunction was proper and should not be reconsidered.   This Court correctly analyzed and applied the relevant precedent from the U.S. Supreme Court and the Eleventh Circuit in holding that (1) it had subject matter jurisdiction over Plaintiffs' constitutional claims; (2) SEC ALJs are inferior officers under Article II's Appointments Clause because they exercise "significant authority"; (3) Plaintiffs would suffer irreparable harm absent the preliminary injunction; and (4) the balance of the equities favored the issuance of the injunction.   There is nothing new in the SEC's latest brief that this Court has not already considered and that would lead this Court to change its prior ruling.

*Third*, the SEC cannot establish the requisite threat of "irreparable harm" if the preliminary injunction is not stayed.   As this Court recognized, and much to the contrary to the SEC's position, Plaintiffs will suffer irreparable constitutional harm should a stay be granted – that is, being subjected to an administrative proceeding whose very existence is constitutionally invalid and that cannot be remedied through money damages.   That irreparable harm outweighs what the Eleventh Circuit Court of Appeals has held to be "ephemeral" and "nebulous" harm to the SEC – the nonspecific impairment to its enforcement efforts.   Further, the "overriding" public interest in ensuring that the government acts within constitutional boundaries dictates denial of a stay.

*Fourth*, granting the extraordinary remedy of a stay here would effectively moot not only Plaintiffs' claim for injunctive relief, but also the SEC's appeal. If a stay is granted, Plaintiffs will have to meet the previously established pre-hearing deadlines in the administrative case in short order and the evidentiary hearing likely will be held – and thus, the constitutional harm already will have occurred – all before the appeal is decided. There will thus be nothing left to enjoin on appeal. This circumstance also "weighs strongly" against granting a stay.

In short, the SEC has failed to make the strong showing required for this Court to stay the preliminary injunction. Its Motion should thus be denied.

## ARGUMENT

### A.  This Court and the Eleventh Circuit in *Hill* Previously Denied the Same Motion by the SEC to Stay this Court's Preliminary Injunction.

The SEC submits the same futile arguments to stay this Court's preliminary injunction that have been previously analyzed and rejected by this Court and the Eleventh Circuit in the related *Hill* case. In *Hill*, this Court thoroughly and thoughtfully considered these same positions and denied the SEC's motion to stay preliminary injunction pending appeal, finding that a stay "is not warranted." Order at 3, *Hill v. S.E.C.*, No. 1:15-cv-1801-LMM (N.D. Ga. Aug. 4, 2015) ("*Hill* Aug. 4, 2015 Order") (Exhibit A). The Court concluded that for the reasons stated in the *Hill* June 8, 2015 Order and the additional reasons stated in the August 4,

-3-

2015 Orders in the "very similar" *Gray* and *Timbervest* cases, the "SEC has not made a strong showing it is likely to succeed on the merits." *Id.* at 3-4.

On the question of district court jurisdiction, two federal district courts in four separate cases have found jurisdiction. *See* Decision and Order at 2, *Duka v. U.S. S.E.C.*, 15 Civ. 357 (RMB)(SN) (S.D.N.Y. Aug. 3, 2015) ("*Duka* Order") (Berman, J.) ("The Court finds persuasive the reasoning in *Hill v. S.E.C.*") (Exhibit B); *Gray* Order at 10-25; Order at 11-16, *Timbervest, LLC v. S.E.C.*, 1:15-cv-2106-LMM (N.D. Ga. Aug. 4, 2015); *Hill v. S.E.C.*, 1:15-cv-1801-LMM, -- F. Supp. 3d --, 2015 WL 4307088, at *5-9 (N.D. Ga. June 8, 2015).   The only other district court judge to have reached the merits of the Appointments Clause claim adopted this Court's "persuasive" analysis, concluding that SEC ALJs are "inferior officers" under Article II, that their appointment is likely unconstitutional, and preliminarily enjoining the SEC administrative proceeding. *See* Decision & Order Granting Preliminary Injunction at 3-4, *Duka*, (S.D.N.Y. Aug. 12, 2015) (Exhibit C).

Further, in rejecting the SEC's motion to stay the preliminary injunction, this Court found that the SEC is not irreparably harmed, nor is the public interest adversely affected, without a stay because the SEC retains several options to pursue against Hill, while if the injunction were stayed Hill "would have to participate in a likely unconstitutional proceeding which would cause a substantial

-4-

injury." *Hill* Aug. 4, 2015 Order at 4.  This case presents the identical situation. *See Gray* Order at 37-38.  This Court's Order in *Hill* is on point, and the SEC has presented nothing more than a rehash of the same arguments this Court has already soundly rejected.

The Eleventh Circuit also considered the same request by the SEC to stay the preliminary injunction in *Hill* and summarily denied it.  *See* Order, *Hill v. S.E.C.*, No. 15-12831-CC (11th Cir. Aug. 10, 2015) (Exhibit D).  Because the issues and arguments are virtually identical in this case, this Court should likewise reject the SEC's request to stay the preliminary injunction pending appeal.

**B.**     **<u>The SEC Has Not Met and Cannot Meet its Heavy Burden for the Extraordinary Remedy of Staying the Preliminary Injunction Pending Appeal.</u>**

As this Court already found in *Hill*, and as is equally applicable here, the SEC has failed to meet its "heavy burden" to justify staying the Court's preliminary injunction pending appeal.  *See Hill* Aug. 4, 2015 Order at 3; *see also Ruderman ex rel. Schwartz*, No. 08-23401, 2012 WL 1470236, at *2 (S.D. Fla. April 27, 2012) (staying injunction is "exceptional relief"); *Millennium Pipeline Co., LLC v. Certain Permanent and Temporary Easements in (No Number) Thayer Road*, 812 F. Supp. 2d 273, 275 (W.D.N.Y. 2011); *U.S. v. 2 Parcels of Real Property Consisting of 30 Acres*, No. 08-111, 2010 WL 2836596, at *1 (S.D. Ala. July 14 2010).

To obtain such extraordinary relief, a party must show that there is a "likelihood of reversal," which requires a stronger showing on the merits than a party must make to obtain a preliminary injunction. *Fullmer v. Michigan Dep't of State Police*, 207 F. Supp. 2d 663, 664 (E.D. Mich. 2002) (quotation marks and citation omitted); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (requiring a "strong showing" that one is "likely to succeed on the merits"). The SEC also must show that *each* of these additional factors favors a stay: (1) the risk of irreparable injury without a stay; (2) whether a stay will injure other interested parties; and (3) the public interest. *Larios v. Cox*, 305 F. Supp. 2d 1335, 1336 (N.D. Ga. 2004) (citing *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)); *see also 2 Parcels*, 2010 WL 2836596, at *2 (a party must make a "substantial" case on the merits even upon a "strong showing" that other factors favor a stay); *Hilton*, 481 U.S. at 778. Because the SEC has failed to satisfy the required criteria, its Motion should be denied.

## C.   The SEC Cannot Make a Strong Showing That It Will Win on Appeal Because This Court Correctly Issued the Preliminary Injunction.

### 1.    Subject Matter Jurisdiction is Proper.

As a threshold matter, this Court possesses original jurisdiction over Plaintiffs' broad, systemic constitutional claims under 28 U.S.C. §§ 1331 and 2201. *See Gray* Order at 10-11. The SEC failed to meet the "heavy burden of overcoming [the] strong presumption" of judicial review. *See Bowen v. Michigan*

*Acad. of Family Physicians*, 476 U.S. 667, 671-72 (1986).  This Court can be divested of jurisdiction only if there is congressional intent to do so.  *See Gray* Order at 11.  That intent is noticeably absent here.

### a.   The Exchange Act Displays No Intent to Limit District Court Jurisdiction.

The Securities Exchange Act of 1934 (the "Act") reveals no intent to bar initial district court review of systemic constitutional claims like the ones asserted by Plaintiffs.  *See Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477, 489 (2010) ("*Free Enterprise*") ("[p]rovisions for agency review do not restrict judicial review unless the 'statutory scheme' displays a 'fairly discernible intent' to limit jurisdiction").

If anything, the structure of the Act contemplates district courts having an expansive role in adjudicating a whole host of disputes arising under the Act.  *See Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207 (1994) ("[w]hether a statute is intended to preclude initial judicial review is determined from" considering a variety of factors, including the statute's language and structure).  For instance, the Act broadly grants district courts exclusive jurisdiction "of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder."  15 U.S.C. § 78aa.  The Act also grants a district court forum to the Commission when it brings civil enforcement actions.  *See* 15

U.S.C. § 78u(d) (authorizing SEC to bring civil enforcement actions against any person for injunctive relief or civil penalties in federal district court); § 78u-1 (granting SEC authority to bring civil penalty enforcement action for insider trading in federal district court); § 78u-3 (authorizing Commission to petition federal district court for a temporary order requiring an issuer to escrow extraordinary payments).[1]

In fact, the agency review provision at issue here authorizes a district court to take exclusive jurisdiction over a final Commission order issued at the end of an administrative proceeding under certain circumstances. *See* 15 U.S.C. § 78y(c)(3) (authorizing district court jurisdiction of final Commission order if SEC enforcement action under Sections 78u(d) or (e) is filed before a petition for review of that order in the court of appeals).

Besides granting a district court forum to the Commission, the Exchange Act also grants district court jurisdiction to address a variety of actions by private parties. *See* 15 U.S.C. § 78u-3(d) (applications from respondents in cease-and-desist proceedings to alter temporary cease-and-desist orders); § 78u-6(h)(B)

---

[1] The Exchange Act also confers district court jurisdiction over certain enforcement actions brought by the Attorney General. *See* 15 U.S.C. §§ 78dd-2(d); 78dd-3(d) (authorizing Attorney General to bring civil action for injunctive relief in federal district court to enforce prohibition of corrupt practices directed at foreign official or foreign political party).

(whistleblower action alleging unlawful retaliation); § 78bb(f)(2) (certain securities class actions removed from state court).

Against this backdrop of expansive federal subject matter jurisdiction, the SEC still argues, despite this Court's finding to the contrary, that the single provision permitting delayed judicial review of final Commission *orders*, 15 U.S.C. § 78y, is exclusive and restricts this Court from exercising jurisdiction over Plaintiffs' systemic constitutional claims that do not challenge any Commission order.  But the Supreme Court has already rejected this argument.

Just like it tried to do here, the SEC previously attempted to block district court review of a constitutional attack brought under Article II in *Free Enterprise*, arguing that Section 78y offers the exclusive path to judicial review.  *See* 561 U.S. at 489.  The Supreme Court squarely rejected this argument, finding that the text of Section 78y "does not expressly limit the jurisdiction that other statutes confer on district courts[,]" such as 28 U.S.C. §§ 1331 and 2201.  *Free Enterprise*, 561 U.S. at 489.  "Nor does it do so implicitly." *Id.*

To bypass the Supreme Court's conclusion that Section 78y does not block this Court's federal question jurisdiction, the SEC relies on the Second Circuit's decision in *Altman v. S.E.C.*, 687 F.3d 44, 46 (2d Cir. 2012) (per curiam), and on *Thunder Basin* to argue that this statutory provision deprives this Court of jurisdiction over Plaintiffs' collateral constitutional claims.

*Altman* is distinguishable because, unlike the claims at issue here, *Altman* involved a "substantive challenge[] to the merits of the administrative proceeding[]." *Gray* Order at 20, n. 6.  Indeed, instead of challenging the very "existence" of the administrative proceeding itself, like Plaintiffs' claims here, the challenge in *Altman* was directed at "the extent of the SEC's ability to sanction attorneys under the SEC's own rules." *Altman*, 768 F.Supp.2d 554, 561 (S.D.N.Y. 2011).  And unlike Plaintiffs, the plaintiff in *Altman* was challenging a final Commission *order* that aggrieved him – namely, a lifetime ban from appearing before the SEC.  *Id*. at 558; *see also* 15 U.S.C. § 78y(a)(1).  *Altman* thus does nothing to divest this Court of its jurisdiction over Plaintiffs' claims.

*Thunder Basin* also does nothing to divest this Court of jurisdiction. *Thunder Basin* analyzed an entirely separate agency review scheme.  And like *Altman*, the challenges at issue in *Thunder Basin* were not to the existence of the applicable agency review proceeding itself, but instead to the interpretation of a provision of the Mine Act and a regulation promulgated thereunder.  *See* 510 U.S. at 204-05, 218 n. 22; *Gray* Order at 13-14 & n. 4.

In short, nothing in the federal securities laws displays a "fairly discernible" intent to limit district court jurisdiction over Plaintiffs' broad-scale constitutional claims.  *See Free Enterprise*, 561 U.S. at 489.

**b.  Plaintiffs' Constitutional Challenges Are Not The Type of Claims That Congress Intended to Be Reviewed Within The Agency Review Process.**

In addition, Plaintiffs' constitutional challenges fall outside the scope of claims that "Congress intended to be reviewed within" the agency review process. *Free Enterprise*, 561 U.S. at 489.  The SEC disagrees, arguing that none of the *Thunder Basin/Free Enterprise* considerations favor district court jurisdiction over Plaintiffs' claims.  Motion at 7.  But aside from repeating its already rejected arguments in opposing Plaintiffs' motion for a preliminary injunction, the SEC offers no explanation, let alone a new one, why this Court's analysis of those considerations is likely to be reversed on appeal.

This Court's preliminary injunction is not likely to be reversed on appeal because the claims at issue here are analogous to and encompass the structural challenge raised in *Free Enterprise* over which the Supreme Court found subject matter jurisdiction despite the provision for delayed judicial review contained in Section 78y.  561 U.S. at 491 ("We therefore conclude that § 78y did not strip the District Court of jurisdiction over" petitioner's Article II claims); s*ee also Duka v. S.E.C.*, No. 15 CIV. 357 (RMB)(SN), 2015 WL 1943245, at *5 (S.D.N.Y. Apr. 15, 2015) (finding subject matter jurisdiction over Article II challenge to SEC administrative proceeding).  By contrast, the primary cases upon which the SEC relies are distinguishable because they involved different agency review schemes

-11-

than the one at issue here and/or claims that were intertwined with the merits of the applicable agency proceeding.

The SEC's argument that a court of appeals has "exclusive" jurisdiction over suits that might affect the appellate court's future jurisdiction to review agency action fails for the same reasons. *See* Motion at 7-8. The cases the SEC cites all predate both *Free Enterprise* and *Thunder Basin,* and to the extent they are still good law, they merely stand for the proposition that district courts are deprived of jurisdiction only if the suit is intertwined with the merits or disposition of a particular case before the agency. In contrast, the rule is inapplicable where, as here, the plaintiff raises a *"systemic"* challenge to agency practices. *George Kabeller, Inc. v. Busey,* 999 F.2d 1417, 1419-22 (11th Cir. 1993) (per curiam) (emphasis in original) (holding that district court lacked jurisdiction over business's suit to force the FAA to take action on a complaint that city had discriminated against that business, because the suit was not one that alleged *"systemic"* defects in the agency process).[2]

---

[2] *See also Pub. Utility Comm'r of Oregon v. Bonneville Power Admin.*, 767 F.2d 622, 625 (9th Cir. 1985) (exclusive jurisdiction over suit in which challenge was intertwined with the merits of petitioners' administrative proceeding); *Air Line Pilots Ass'n, Int'l v. CAB*, 750 F.2d 81, 83 (D.C. Cir. 1984) (exclusive jurisdiction over suit alleging that those presiding over administrative proceeding had prejudged the merits and unduly delayed in that particular proceeding).

Simply put, Plaintiffs' broad, systemic constitutional challenges are wholly collateral to the administrative proceeding because they implicate the validity of the proceeding's very existence, instead of the merits of the allegations made against them. *See Free Enterprise*, 561 U.S. at 490.[3] They are outside the scope of the SEC's expertise. *See id.* at 491.[4]   And absent this Court's jurisdiction, Plaintiffs will be unable to obtain *meaningful* judicial review of their claims because by the time they could avail themselves of that review, the administrative proceeding will have already run its course, Plaintiffs will have already suffered the ultimate harm that they seek to enjoin, and their claims will have thus become moot. *See Gray* Order at 15-16; *Duka,* 2015 WL 1943245, at *5; *see also Touche Ross Co. v. S.E.C.*, 609 F.2d 570, 577 (2d Cir. 1979) (holding that a litigant need

---

[3] *See also Elk Run Coal Co., Inc. v. U.S. Dep't of Labor*, 804 F. Supp. 2d 8, 16, 22 (D.D.C. 2011) (holding that administrative review statute did not deprive district courts of jurisdiction over Due Process challenge to the "administrative review process . . . *as a whole*" (emphasis in original)); *Gupta v. SEC*, 796 F. Supp. 2d 503, 514 (S.D.N.Y. 2011) (Rakoff, J.) (holding that district court had jurisdiction over Equal Protection claim that did "not have anything to do with" merits of the charges in administrative proceeding); *cf. General Elec. Co. v. EPA*, 360 F.3d 188, 191, 192 (D.C. Cir. 2004) (per curiam) (holding that statute governing review of administrative action did not divest district courts of jurisdiction to hear "systemic" Due Process challenges to an "administrative orders regime").

[4] Indeed, in *Thunder Basin*, the Supreme Court recognized that "[a]djudication of congressional enactments has generally been thought beyond the jurisdiction of administrative agencies" when, as here, "the reviewing body is . . . the agency itself."  *See* 510 U.S. at 215.

not exhaust administrative remedies if doing so would require him to "submit to the very procedures which they are attacking").[5]

At bottom, this Court correctly determined that it had subject matter jurisdiction to hear Plaintiffs' constitutional claims.

### 2. The District Court Correctly Found that Plaintiffs Established a Likelihood of Success on Their Appointments Clause Challenge.

This Court correctly found that, "[b]ecause SEC ALJs are inferior officers, ... Plaintiffs have established a likelihood of success on the merits of their Appointments Clause claim." *Gray* Order at 35. But the SEC argues otherwise because SEC ALJs cannot issue final decisions and possess authority that "pales in comparison" to that of the Special Trial Judges ("STJs") at issue in *Freytag*. Motion at 9-11. These arguments lack merit and should be rejected.

First, the ability to render final decisions is not dispositive to the determination of whether SEC ALJs are inferior officers. *See Gray* Order at 31-33; *Freytag*, 501 U.S. at 881-82 (rejecting argument that finality is dispositive to

---

[5] In its Motion, the SEC cites *Altman* for the proposition that the exception to administrative exhaustion identified in *Touche Ross* has been read narrowly. Motion at 6. But in making that statement, the district court in *Altman* relied on another district court decision, which actually supports the application of the *Touche Ross* exception to the constitutional challenges here. *See Altman*, 768 F. Supp.2d at 562; *ITT Continental Baking Co. v. U.S.*, 559 F. Supp. 454, 455-56 (S.D.N.Y. 1983) (stating that in *Touche Ross*, plaintiff challenged SEC's authority to promulgate the rule on which administrative complaint was proceeding and Second Circuit thus found that "in such a situation, requiring exhaustion . . . was inappropriate because it would force the petitioner to submit to the very procedure they contended *was improperly created*") (emphasis added).

whether STJs were inferior officers because "it ignored the significance of the duties and discretion that [they] possess"). What is dispositive is that SEC ALJs, like their STJ counterparts, occupy an office that is "established by law" and "perform more than ministerial tasks." *See Gray* Order at 29; *Freytag*, 501 U.S. at 881-82. But even if finality is a relevant consideration, the APA makes clear that an SEC ALJ's "initial decision . . . becomes the decision of the [Commission] *without further proceedings* unless" there is an appeal to the Commission or the Commission reviews the decision on its own motion. 5 U.S.C. § 557(b) (emphasis added). The fact that SEC ALJs issue "initial decisions," as opposed to "recommended decisions" that FDIC ALJs issue and that "always require further agency action," is yet another distinction making *Landry v. Fed. Deposit Ins. Corp.*, 204 F.3d 1125 (D.C. Cir. 2000) inapplicable to SEC ALJs. *See Gray* Order at 31-32.

Second, that the SEC ALJs' authority purportedly "pales in comparison" to that of the STJs because those ALJs lack all of the powers of STJs also misses the mark. What is important, as this Court recognized, is that SEC ALJs share the same characteristics as STJs in all of the respects that the Supreme Court found dispositive in *Freytag*. Notably, the SEC's list of additional powers that STJs

-15-

possess, and that SEC ALJs purportedly lack, appears nowhere in the section of the Supreme Court's analysis of whether the STJs were inferior officers.[6]

Further, the SEC's arguments are meritless because SEC ALJs satisfy the test articulated by the Department of Justice's Office of Legal Counsel, which binds the Executive Branch,[7] for identifying Article II officers. *See* Dep't of Justice, Office of Legal Counsel, *Officers of the United States Within the Meaning of the Appointments Clause*, at 1 (Apr. 16, 2007) ("OLC Memo").[8]  Under that test, a government agent is an Article II officer if he/she occupies a position that (1) "is invested by legal authority with a portion of the sovereign powers of the federal Government" and (2) is "continuing."  OLC Memo at 1.[9]

---

[6] The SEC again makes much of the fact that the Commission exercises plenary authority over the SEC ALJ.  But, if anything, that factor only suggests that SEC ALJs are inferior, instead of principal, officers.  *See Edmond v. United States*, 520 U.S. 651, 663 (1997) ("[W]e think it evident that 'inferior officers' are officers whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate.").

[7] *See* U.S. Dep't of Justice, Office of Legal Counsel, *Mem. for Attorneys of the Office Re: Best Practices for OLC Legal Advice and Written Opinions* at 1 (July 16, 2010) (stating that OLC's "core function, pursuant to the Attorney General's delegation, is to provide controlling advice to Executive Branch officials on questions of law that are centrally important to the functioning of the Federal Government.") (available at http://www.justice.gov/sites/default/files/olc/legacy/2010/08/26/olc-legal-advice-opinions.pdf).

[8] The OLC Memo is available at http://www.justice.gov/sites/default/files/olc/opinions/2007/04/31/appointmentsclausev10.pdf.

[9] The issue of finality is noticeably absent from either element of the OLC's test.

-16-

By the Government's own standard, SEC ALJs are Article II officers. First, an SEC ALJ occupies a position that has received delegated "power lawfully conferred by the Government to bind third parties, or the Government itself, for the public benefit." OLC Memo at 12. Indeed, SEC ALJs have been delegated power to, for example, administer oaths, issue subpoenas, rule on offers of proof, examine witnesses, regulate the course of a hearing, hold prehearing conferences, rule upon motions including motions for summary disposition, impose contempt sanctions, and prepare an initial decision in an adjudication. 17 C.F.R. § 200.14; SEC Rules of Practice 155, 180(a), 250(b). Second, an SEC ALJ occupies a position that is continuing, as the ALJ "receives a career appointment." 5 C.F.R. § 930.204(a). Thus, for all of these reasons, SEC ALJs are inferior officers.

### 3. This Court Correctly Found That Plaintiffs Will Be Irreparably Harmed Absent the Issuance of An Injunction.

This Court properly held that Plaintiffs would be irreparably harmed absent an injunction because they "will be subject to an unconstitutional administrative proceeding, and they would not be able to recover monetary damages for this harm because the SEC has sovereign immunity." *Gray* Order at 36. Eleventh Circuit precedent recognizes that "[i]n the context of preliminary injunctions, numerous courts have held that the inability to recover monetary damages because of sovereign immunity renders the harm suffered irreparable." *Odebrecht Constr., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013); *see also*

-17-

*Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) (noting that an injury is irreparable if it cannot be undone through monetary remedies).  The SEC does not dispute this.

Instead, the SEC improperly and disingenuously attempts to reduce the irreparable harm Plaintiffs will suffer to "[m]ere litigation expense" which it alleges "does not constitute irreparable injury."  Motion at 12.  But the harm Plaintiffs face absent injunctive relief is more than mere litigation expense.  Indeed, as this Court recognized, Plaintiffs will be subjected to the very proceeding that this Court found is likely unconstitutional and would never be able to obtain the relief they are seeking because "the Court of Appeals would not be able to enjoin a proceeding which has already occurred."  *Gray* Order at 37.  This constitutes irreparable injury.  *See United Church of the Med. Ctr. v. Med. Ctr. Comm'n*, 689 F.2d 693, 701 (7th Cir. 1982) (holding that "subjection to an unconstitutionally constituted decisionmaker" is an "irreparable" injury even if the ultimate decision is subject to "review . . . in the courts"); *see* Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2948.1 (3d ed.) ("When an alleged deprivation of a constitutional right is involved . . . most courts hold that no further showing of irreparable injury is necessary."); *C&A Carbone, Inc. v. Town of Clarkstown*, 770 F. Supp. 848, 854 (S.D.N.Y. 1991) (violating a structural

provision of the Constitution like the Commerce Clause "unquestionably constitutes irreparable injury").[10]

**D.      The SEC Cannot Show That It or the Public Is Likely to Be Irreparably Harmed Absent a Stay of Injunction.**

Because the SEC cannot make a strong showing that it is likely to succeed on the merits of its appeal, the Court need not even consider the remaining factors. *Fullmer*, 207 F. Supp. 2d at 664; *2 Parcels*, 2010 WL 2836596, at *2; *AFC Enterprises, Inc. v. Restaurant Group, LLC*, No. 10-1772, 2010 WL 4537812, at * 6 (N.D. Ga. Nov. 3, 2010).  Even assuming the SEC could show that it is likely to obtain a reversal (which it cannot), a stay should not be granted because the SEC cannot show that it is likely to be irreparably harmed absent a stay.

Relying on a self-serving declaration of its Director of the Division of Enforcement, the SEC argues that the injunction "interferes with [its] ability to enforce the federal securities laws and to deter future securities violations through

---

[10] Despite the SEC's misleading suggestion, *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 52 (1938), does not serve as a counter to this reasoning. Motion at 11. *Myers* recognized "the rules requiring exhaustion of the administrative remedy cannot be circumvented by asserting *that the charge on which the complaint rests is groundless* and that the mere holding of the prescribed administrative hearing would result in irreparable damage." *Id*. at 51 (emphasis added).  In *Myers*, a corporation sought an injunction of a National Labor Relations Board proceeding on the grounds that the provisions of the act in question were not applicable to the corporation's business.  *Id*. at 47.  Indeed, the Court recognized that "there is no claim by the corporation that the statutory provisions and the rules of procedure prescribed for such hearings are illegal." *Id*.  Thus, *Myers* does not suggest that being subject to a constitutionally invalid proceeding that cannot be remedied through monetary relief is not irreparable harm.

its enforcement actions." Motion at 3, 14. Yet, the SEC has not identified any specific way that the temporary stay caused by this injunction in this particular case impedes its general ability to enforce the securities laws, let alone why that interest should justify brushing aside Plaintiffs' constitutionally protected rights.

Moreover, as this Court has properly recognized, any purported harm to the SEC or the public is self-inflicted. The SEC wants to continue an unconstitutional administrative process, refusing to fix its unconstitutionally appointed ALJs. As this Court has noted, the SEC "is not foreclosed from pursuing Plaintiff[s] in federal court or in an administrative proceeding before an SEC Commissioner" or a constitutionally appointed ALJ. *Gray* Order at 37-38; *see also Hill* Aug. 4, 2015 Order at 4. The SEC has myriad remedies available to it, including obtaining a court order enjoining further violations of the securities laws, seeking disgorgement of any money obtained from the illegal conduct, and seeking civil penalties. *See e.g.*, 15 U.S.C. §§ 78(u), 78(o). In fact, as the SEC recognizes: "[i]n situations where there is a need for emergency proceedings or relief - where the alleged violative conduct is ongoing … only a federal district court can issue the necessary emergency relief to protect investors." *See* Div. of Enforcement Approach to Forum Selection in Contested Actions, p. 1.[11] Further, the SEC's

---

[11] Available at http://www.sec.gov/divisions/enforce/enforcement-approach-forum-selection-contested-actions.pdf.

"industry bar" argument is a red herring belied by the SEC's own declaration, which confirms that the Commission is authorized to obtain an industry bar after obtaining a final judgment in district court, by initiating a "follow-on" administrative proceeding. *See* Attachment 1 to Motion, Ceresney Decl., ¶ 8; *see also* Investment Advisers Act of 1940, § 203(e)-(f); Exchange Act, §§ 15 (b)(4)-(6)m, 15B(c)(2)-(5), 15C(c)(1)-(2), 17A(c)(3)-(4).

In any case, the Commission's prejudicial references to unproven allegations in the underlying administrative action is an attempt to obscure the relevant issues in this case. Motion at 15-16. As this Court has correctly determined, Plaintiffs' constitutional challenge is wholly collateral to the SEC's administrative case. *Gray* Order at 24. The SEC would have this Court conclude, on the basis of untested charges, that Plaintiffs have violated securities laws and an industry bar is inevitable. However, even where securities laws are violated, an industry bar may not be necessary and appropriate. *See* Investment Advisers Act of 1940, § 203(e)-(f); *see e.g., e-Smart Technologies, Inc.*, Exchange Act Release No. 34-50514 (Oct. 12, 2004) (finding that although issuer's violations were "egregious and recurrent," no remedial action was appropriate).

Moreover, even if the injunction caused some minimal interference with the SEC's ability to enforce the securities laws, such a harm is "nebulous" and "ephemeral" – particularly because the SEC's administrative enforcement is "very

likely [] unconstitutional." *Odebrecht*, 715 F.3d at 1289-90 ("The only harm to the State is the more nebulous, not easily quantified harm of being prevented from enforcing one of its laws."). The SEC cannot show that it or the public will suffer irreparable harm absent a stay.

## E.    A Stay of Injunction Will Injure Other Interested Parties.

The SEC erroneously claims that "there is no countervailing harm to balance against the injunction's [purported] harm to the SEC and the public" because "any cost or burden to Plaintiffs of participating in an administrative proceeding does not constitute irreparable harm." Motion at 3. The SEC further asserts that "the harm the Court concluded Plaintiffs would suffer without preliminary relief – that they will have to participate in an administrative proceeding that they consider unlawful – is not a valid consideration for purposes of evaluating preliminary relief." *Id*. at 19-20. The SEC mischaracterizes the Court's holding. The proceeding is not just one that Plaintiffs "consider unlawful," but one that this Court correctly concluded is "likely unconstitutional." *Gray* Order at 36; *see supra* Section C.3.

## F.    The Public Interest Does Not Support Granting a Stay of the Injunction.

The SEC claims that because it is a government agency that represents the public interest, any harm to the SEC "merge[s]" with the public interest. Motion at 20. Of course, this ignores the fundamental interest the public has "in assuring that

citizens are not subject to unconstitutional treatment by the Government." *Gray Order* at 37. This Court correctly found that it is not "ever in the public interest for the Constitution to be violated." *Id.*; s*ee also Nat'l Treasury Emps. Union v. U.S. Dep't of Treasury*, 838 F.Supp. 631, 640 (D.D.C. 1993) (noting there is "an overriding [public] interest in assuring that the government remains within the limit of its constitutional authority"); *see also White v. Baker*, 696 F. Supp. 2d 1289, 1313 (N.D. Ga. 2010) (finding that an injunction would advance the public interest "because a constitutional right is at issue").

The SEC's disingenuous suggestion that the public's interest in the enforcement of the Constitution is not implicated here because there is no constitutional violation is absurd. This Court has already found that the appointment of the SEC ALJ is "likely unconstitutional in violation of the Appointments Clause." *Gray* Order at 36. The SEC is essentially asking for permission from this Court to continue subjecting Plaintiffs to a proceeding that is "likely unconstitutional" based on nothing more than its own conclusory allegation that there is "no constitutional violation." The public interest in enforcing the Constitution is paramount and cannot be sidestepped at the SEC's whim. This factor does not weigh in favor of granting a stay.

**G.**   **Finally, Granting a Stay Here Would Render Plaintiffs' Claim for Injunctive Relief, and the SEC's Appeal, Moot.**

That a stay pending appeal could moot a party's claim or appeal weighs strongly against granting that stay. *See Natural Resources Def. Council v. Winter*, 527 F. Supp. 2d 1216, 1238 (C.D. Cal. Feb 4, 2008); *Breswick & Co. v. U.S.*, 75 S. Ct. 912, 917 (1955) (Harlan, J., in chambers) (refusing in part to stay an injunction because to do so "would probably render entirely moot an appeal from that part of an injunction."); *cf., e.g., Isaly Co. v. Kraft, Inc.*, 622 F. Supp. 62, 62 (M.D. Fla. 1985) (risk of mooting an appeal is a factor in deciding whether to grant a stay under Rule 62). Indeed, courts should "most sparingly" grant stays that would moot a claim or appeal – *i.e.*, only when the "balance" of equity "strongly tip[s]" in the stay's favor. *Breswick*, 75 S.Ct. at 915. In *Winter*, for example, the district court refused to stay an injunction requiring the Navy to take measures that would protect sea life during training exercises. 527 F. Supp. 2d at 1238-39. The court explained that staying the injunction would "render moot" the plaintiff's suit to protect sea life, because the Navy was scheduled to complete several trainings in short order. *Id*. at 1238.

Here, a stay would render Plaintiffs' claim for an injunction, and the SEC's appeal, moot:  This is a suit for an injunction protecting Plaintiffs from an administrative proceeding that violates the Constitution's Article II.  If the stay is granted, Plaintiffs will be subject to pre-hearing rulings by the unconstitutional

-24-

ALJ and will have to defend themselves at the administrative hearing, all while this suit awaits briefing, oral argument, and a decision on appeal.  By the time the Court of Appeals reaches a final decision on that administrative proceeding's constitutionality, Plaintiffs would have virtually no relief left to request here and the Court of Appeals would have virtually no relief left to give.

In sum, this and the preceding factors strongly point toward upholding the injunction pending appeal.  The SEC's Motion should be denied.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny the Defendant's Motion to Stay Preliminary Injunction Pending Appeal.

Dated:  August 21, 2015.

Respectfully submitted,

/s/  Terry R. Weiss

GREENBERG TRAURIG, LLP
3333 Piedmont Road, NE
Terminus 200, Suite 2500
Atlanta, Georgia 30305
Telephone:  (678) 553-2603
Facsimile:  (678) 553-2604
Email:  weisstr@gtlaw.com
          kingm@gtlaw.com
*Attorneys for Plaintiffs*

Terry R. Weiss
Georgia Bar No. 746495
Michael J. King
Georgia Bar No. 421160

**<u>Font Certification</u>**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing document was prepared using Times New Roman 14 point type as provided in Local Rule 5.1.

*/s/ Terry R. Weiss*
Terry R. Weiss

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GRAY FINANCIAL GROUP, INC.,   )
LAURENCE O. GRAY and          )
ROBERT C. HUBBARD, IV,        )
                              )   Civil Action File No. 1:15-cv-0492-AT
                              )
            Plaintiffs,       )
                              )
v.                            )
                              )
UNITED STATES SECURITIES      )
AND EXCHANGE COMMISSION,      )
                              )
            Defendant.        )

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY**

**PRELIMINARY INJUNCTION PENDING APPEAL** via the Court's ECF

electronic filing system which will automatically send email notification of such

filing to all counsel of record, as follows:

> Justin M. Sandberg
> Jean Lin
> Adam Grogg
> Steven A. Myers
> Matthew J. Berns
> U.S. Department of Justice, Civil Division
> Federal Programs Branch
> 20 Massachusetts Ave., N.W., Room 7302
> Washington, DC 20530
> justin.sandberg@usdoj.gov

jean.lin@usdoj.gov
adam.a.grogg@usdoj.gov
steven.a.myers@usdoj.gov
matthew.j.berns@usdoj.gov


Dated: August 21, 2015.


/s/  Terry R. Weiss
Terry R. Weiss
Georgia Bar No. 746495
Michael J. King
Georgia Bar No. 421160
GREENBERG TRAURIG, LLP
3333 Piedmont Road, NE
Terminus 200, Suite 2500
Atlanta, Georgia 30305
Telephone:  (678) 553-2603
Facsimile:  (678) 553-2604
Email:  weisstr@gtlaw.com
         kingm@gtlaw.com

*Attorneys for Plaintiffs*